IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-00299-WDM-CBS

MICHAEL E. CHALEK and RITA CHALEK,

      Plaintiffs,

v.

SUSAN ELLEN McGEE;
JAMES DUVALL;
JOHN J. FEYEN;
STEVE HOLLOWAY;
BILL ECKRICH;
BASIL MARCINIAK;
JOHN DOES NOS. 1 and 2 and other persons unknown, as County of Larimer, State of
Colorado, Sheriff Officers; and
RICHARD ROES NOS. 1 and 2 and other persons unknown, as individuals and as
Town of Estes Park, State of Colorado, Police Officers,

      Defendants.

---

## ORDER ON MOTION FOR SUMMARY JUDGMENT

---

Miller, J.

      This case is before me on the motion for summary judgment filed by defendants

John Feyen, Steve Holloway, and Bill Eckrich, all members of the Larimer County Sheriff's

Department (collectively, "the Larimer defendants").[1]  Plaintiffs Michael and Rita Chalek,

proceeding *pro se*, oppose the motion.  After review of the parties' written arguments and

tendered evidence, I conclude oral argument is not required.  For the reasons that follow,

---

[1]      The Larimer defendants are essentially the only defendants remaining in
this case.  Susan McGee and Basil Marciniak have been dismissed by stipulation.  An
entry of default issued against defendant James DuVall on February 24, 2004, although
plaintiffs have taken no action to seek default judgment.  No substitution of any person
or entity for the Doe and Roe defendants has been made.

I will grant the motion.

Factual Background

As an initial matter, I note that the Chaleks failed to follow my Pretrial and Trial Procedures with regard to their response to the motion for summary judgment.  They did not provide a response to the Larimer defendants' statement of undisputed facts, nor did they include a statement of additional undisputed (or disputed) facts.  As a result of these omissions, I will accept the facts as set forth in the Larimer defendants' brief as undisputed except to the extent that I can determine the existence of a genuine dispute raised in the response brief.

The circumstances of this case arose from the termination of Michael Chalek's relationship with defendant Susan McGee in 2000 or 2001, which led to litigation in Larimer County District Court concerning division of property and other issues.  In early 2002, McGee contacted defendant Feyen, a deputy sheriff for Larimer County, with a request that he be present at her residence when Mr. Chalek came to pick up some personal items.  Then, in September 2002, McGee again contacted Feyen with a complaint of stalking, harassing, and intimidation by Mr. Chalek.

Feyen asked for and obtained a written statement from McGee describing her complaint.  He took actions to verify McGee's complaint, including contacting and interviewing witnesses, reviewing records from the Larimer County Sheriff's Office and the Larimer County Clerk and Recorder's Office, and contacting law enforcement offices and courthouses in Florida and Illinois.  Feyen prepared reports describing the statements and information he obtained in following up on McGee's complaint.

2

During this time, defendant Eckrich, an investigator for the Sheriff's Office, followed up on another complaint by McGee against Mr. Chalek in mid-November 2002.  Eckrich arrived at the Chaleks' residence during the late evening of November 17, 2002.  He knocked repeatedly on the door and heard Mr. Chalek inside speaking on the telephone. Eckrich's report indicates that he somehow informed Mr. Chalek that there were charges and that he was going to be placed under arrest.[2]  The next day, Eckrich spoke with Feyen, and the two decided that Eckrich would take no further action but would allow Feyen to pursue the investigation against Mr. Chalek.

Based on the information Feyen obtained in his investigation of McGee's complaint, he concluded Mr. Chalek had committed crimes of harassment by stalking, wire tapping, second degree perjury, and domestic violence.  He prepared and presented an affidavit for a search warrant to a Larimer County District Judge and obtained a warrant to search the Chaleks' residence.[3]

On December 11, 2002, Feyen completed three affidavits for the warrantless arrest of Mr. Chalek.

On December 13, 2002, Feyen and Holloway, an investigator with the Sheriff's Office, executed the search warrant at the Chaleks' residence.  They found no items described in the search warrant and therefore seized no property.  Defendant Marciniak

---

[2]      In his affidavit, Eckrich denies the allegation in the complaint that he told the Chaleks he had an arrest warrant; he states any arrest would have been warrantless.

[3]      Feyen's first affidavit and the resulting warrant listed an incorrect address. Feyen discovered the error, corrected the affidavit, and obtained a new search warrant.

was also at the scene.

At the time of the execution of the warrant, Feyen arrested Mr. Chalek without a warrant and transported him to the custody of another officer, a Deputy Johanson, who took Mr. Chalek to the Larimer County Detention Center.

Following the search and arrest of Mr. Chalek, Feyen filed the arrest affidavits with the Larimer County District Court.  A judge reviewed the affidavits, found probable cause for the warrantless arrest, and signed the affidavits on December 16, 2002.

Although charges were brought against Mr. Chalek for harassment by stalking, wiretapping, and second degree perjury, the charges were later dismissed.

The Chalek's filed this lawsuit in state court, bringing claims for: (1) violation of civil rights pursuant to 42 U.S.C. §§ 1983 and 1988;[4] (2) civil conspiracy; (3) invasion of privacy; (4) intentional infliction of emotional distress; (5) false arrest and false imprisonment; (6) abuse of process; (7) malicious prosecution; and (8) aiding and abetting a tortious act.  The Larimer defendants removed the case to this court.

<u>Standard of Review</u>

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial,

---

[4]    The complaint does not cite 42 U.S.C. § 1988, but the first claim for relief includes allegations of a conspiracy among defendants to violate civil rights.

it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.*

Discussion

The Larimer defendants move for summary judgment, alleging that they are entitled to qualified immunity on the section 1983 claim and to immunity under the Colorado Governmental Immunity Act (CGIA) on the Chaleks' state law claims.

1.    Qualified Immunity

In their complaint, the Chaleks allege the Larimer defendants unlawfully searched their residence, unlawfully arrested and detained Mr. Chalek, and wrongfully commenced prosecution of Mr. Chalek in violation of the Chaleks' Fourth and Fourteenth Amendment rights.[5]  They assert that Feyen provided false information in his affidavits for the search warrant and for the warrantless arrest.  The Larimer defendants assert they are protected by qualified immunity.

"In civil rights actions seeking damages from governmental officials, those officials

---

[5]    The complaint presents all claims for relief as made on behalf of both Mr. and Mrs. Chalek and against all defendants.  It does not distinguish between claims against certain defendants, nor does it separate claims by Mr. Chalek that are not also asserted by Mrs. Chalek.  For example, there is no explanation of the basis of a false arrest or wrongful prosecution claim on behalf of Mrs. Chalek.  Nor is there any indication that defendants McGee or DuVall were state actors for purposes of section 1983 liability.

may raise the affirmative defense of qualified immunity, which protects all but the plainly incompetent or those who knowingly violate the law." *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1185 (10th Cir. 2001). When a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff to "first establish that the defendant's actions violated a constitutional or statutory right." *Medina v. Cram,* 252 F.3d 1124, 1128 (10th Cir. 2001). Thus, in the context of a motion for summary judgment, I must first consider the threshold question: "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Holland*, 268 F.3d at 1185. If so, then I must "ask whether the right was clearly established at the time of defendant's unlawful conduct." *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* (internal quotation omitted). If the Chaleks successfully establish the violation of a clearly established right, the burden shifts to the Larimer defendants, who must prove that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. *Medina*, 252 F.3d at 1128. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002).

      a.    <u>Arrest</u>

The Larimer defendants argue in the motion for summary judgment that Feyen is entitled to qualified immunity on the wrongful arrest claim because a warrantless arrest is permissible if an officer has probable cause to believe that the person arrested committed a crime. They cite *Baptiste v. J.C. Penney Co., Inc.*, 147 F.3d 1252, 1256 (10th Cir. 1998),

and *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995).   Neither of these cases, however, concerned an arrest in a home,[6] and the Larimer defendants do not address this aspect of the arrest of Mr. Chalek, even in reply to the Chaleks' response brief relying on *Payton v. New York*, 445 U.S. 573 (1980).   In *Payton*, the Supreme Court held that "searches and seizures inside a home without a warrant are presumptively unreasonable." *Id.* at 586.

Despite the Larimer defendants' failure to discuss this precise issue, a reading of *Payton* and its progeny demonstrates that the Larimer defendants are entitled to summary judgment on the wrongful arrest claim.   *Payton* addressed the nonconsensual, warrantless entry of a suspect's home to make an arrest.   *Id.* at 576.   The Court made clear, however, that the concerns regarding preservation of the privacy and sanctity of the home applied equally to searches or seizures of property or persons.   *Id.* at 588, 590.   In other words, there is no lesser–or greater–concern for the sanctity of the home in the context of a search warrants as for an arrest warrant.

In this case, Feyen entered the Chaleks' home lawfully, pursuant to the search warrant.   Because his presence in the home was lawful, *Payton* does not apply to prohibit the warrantless arrest.   *Kirk v. Louisiana*, 536 U.S. 635, 638 (2002) ("an arrest warrant founded on probable cause, *as well as a search warrant*, would suffice for entry" into a home to make an arrest) (emphasis added; citing *Payton*, 445 U.S. at 603).

The remaining question is whether Feyen had probable cause for the warrantless

---

[6]        The Larimer defendants also cite C.R.S. § 16-3-102(1)(c).  This statute sets forth parameters for arrests by peace officers but does not address arrests within a person's home.

arrest.  *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) ("A police officer violates an arrestee's clearly established Fourth Amendment right to be free of unreasonable seizure if the officer makes a warrantless arrest without probable cause"). Feyen is entitled to qualified immunity if "a reasonable officer could have believed that probable cause existed to arrest the plaintiff."  *Id.* (quotation omitted).

"Probable cause exists if the facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense."  *Id.*  Probable cause may be based, as in this case, on the complaint of an identified victim.  *United States v. Patane*, 304 F.3d 1013, 1017 (10th Cir.), *rev'd on other grounds*, 542 U.S. 630 (2004).  Indeed, citizen complainants are generally entitled to a "presumption of veracity."  *Id.*

Although the Chaleks take issue with the investigation performed by Feyen, the Tenth Circuit requires that I analyze the issue of probable cause with reference only to the information in Feyen's possession and not to the quality of the investigation.  *Olsen*, 312 F.3d at 1312 (factors regarding the scope of the arresting officer's investigation may be probative to the existence of probable cause, but they are "not dispositive or indeed necessary to the inquiry.  The primary concern is whether a reasonable officer would have believed that probable cause existed to arrest").  Based on McGee's complaints, presumed to be true, and the information Feyen gathered in his investigation, a reasonable officer could conclude that there was probable cause to believe that Mr. Chalek had committed an offense or offenses, including harassment by stalking, wire tapping, second degree

perjury, and domestic violence.

Because Feyen was lawfully present in the Chaleks' home pursuant to the search warrant and because there was probable cause to arrest Mr. Chalek based on the information known to Feyen, the Chaleks have failed to establish a violation of a clearly established constitutional right with respect to the arrest. Accordingly, the motion for summary judgment will be granted as to the claim of wrongful arrest.

      b.    <u>Search Warrant</u>

Defendants Feyen and Holloway, who conducted the search, contend they are entitled to qualified immunity because they had probable cause for the issuance of the search warrant. The Chaleks disagree.

The Fourth Amendment provides in part that "no Warrants shall issue, but upon probable cause." Defendants Feyen and Holloway are entitled to qualified immunity if a reasonable officer could conclude that the search warrant issued by the Larimer County District Judge was supported by probable cause. *See Jones v. City & County of Denver*, 854 F.2d 1206, 1209 (10th Cir. 1988). *See also Anderson v. Creighton*, 483 U.S. 635, 641 (1987) (Defendants are entitled to immunity if they establish that, in light of the clearly established principles governing Fourth Amendment searches, they could reasonably have believed that the search was lawful).

"The existence of probable cause is a common-sense standard requiring facts sufficient to warrant a man of reasonable caution in the belief that an offense has or is being committed." *United States v. Wicks*, 995 F.2d 964, 972 (10th Cir. 1993) (internal quotation omitted). Probable cause exists sufficient for issuance of a warrant when, under

the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Simpson*, 152 F.3d 1241, 1246 (10th Cir. 1998).  *See also Breidenbach v. Bolish*, 126 F.3d 1288, 2393 (10th Cir. 1997) ("probable cause to obtain a search warrant is based on a showing of a reasonable degree of suspicion that the suspected items will be found")*, abrogated on other grounds*, *Currier v. Doran*, 242 F.3d 905, 916 (10th Cir. 2001).

The Chaleks contend that Feyen should not have believed McGee or the other witnesses whom he interviewed in the context of his investigation.  "[C]ourts traditionally have distinguished between anonymous tipsters, whose motives and bases of knowledge are unknown to the investigating officers, and ordinary citizens who identify themselves and report crimes to the police."  *J.B. v. Washington County*, 127 F.3d 919, 929 (10th Cir. 1997).  Probable cause case law "emphasizes the importance of corroboration of some amount of the anonymous tipster's information . . . while presuming the reliability of citizen informants."  *Id.* at 929-930. *See also United States v. Patane*, 304 F.3d at 1017 (citizen complainants generally entitled to a "presumption of veracity").

Here, McGee was an identified citizen complainant entitled to a presumption of reliability.  Feyen had spoken with her on at least one other occasion, and he took steps to verify her complaints.  Although the Chaleks argue that there is evidence suggesting Feyen should not have believed McGee or that he should have conducted a more thorough investigation of the other witnesses whom he interviewed, they have not presented evidence suggesting that, at the time of the arrest and search, Feyen had information that would destroy McGee's presumption of reliability.  Further, the law does

10

not require that Feyen exhaust all possible instances of bias in a complaining witness or corroborating witnesses.  Under the circumstances presented by this case, where Feyen was informed by a known citizen complainant, whose statements were corroborated by other witnesses, that Mr. Chalek had engaged in criminal conduct, a reasonable officer could conclude that probable cause existed to support a search of the Chaleks' home.

Defendants are entitled to qualified immunity on the portion of the § 1983 claim based on the execution of the search warrant.

      c.    <u>Falsification of Search Warrant Affidavit</u>

The Chaleks also allege that Feyen omitted information in his search warrant affidavit that called into question the veracity of witnesses, including defendant DuVall. For instance, they assert that Feyen did not check DuVall's criminal history, that DuVall and McGee conspired against the Chaleks, that DuVall's statements to Feyen were different from statements DuVall had made to the Chaleks, and that other investigations of persons connected with McGee or the Chaleks were being conducted by the Larimer County Sheriff's Office and the Arapahoe County Sheriff's Office.  The Chaleks fail to provide any evidence that Feyen knew this alleged information at the time he presented his affidavit in support of the search warrant application.[7]

In the absence of such evidence, the Chaleks have failed to demonstrate the violation of a clearly established constitutional right, and this aspect of the § 1983 claim will be dismissed.

---

[7]    The Chaleks point out that Feyen admitted in his deposition that he was aware of a criminal investigation pending against DuVall, but the testimony does not clarify when Feyen learned this information.  Response, Exhibit 3B, at 39.

d.    Defendant Eckrich

The only claims against defendant Eckrich concern his visit to the Chaleks' home in November 2002.  Although Eckrich apparently shouted through the door (or told Mrs. Chalek over the phone) that he was going to arrest Mr. Chalek without a warrant, he took no actions to carry out this assertion.  Again, the Chaleks have failed to demonstrate a violation of a clearly established constitutional right by defendant Eckrich, and he is entitled to qualified immunity on the § 1983 claim against him.

e.    Conspiracy

Although the Chaleks do not clearly allege a claim for conspiracy to violate their civil rights pursuant to 42 U.S.C. § 1988, such a claim could not stand given my rulings on the aspects of the § 1983 claim.  The only portion of that claim that will remain pending after entry of this order is the claim against Feyen for wrongful arrest.  The Chaleks have presented no evidence that any other defendant either conspired with Feyen or acted with him in connection with the arrest.  Accordingly, any § 1988 claim must be dismissed.

2.    State Law Immunity Under the CGIA

With regard to the state law tort claims, the Larimer defendants assert they are entitled to immunity under the CGIA.  Pursuant to C.R.S. § 24-10-118(2), the defendants, as public employees, are immune from liability in any claim for injury which lies in tort "and which arises out of an act or omission of such employee occurring during the performance of his duties and within the scope of his employment unless the act or omission causing such injury was willful and wanton."

Willful and wanton conduct is not defined in the CGIA, but courts addressing the

12

issue generally apply the definition provided in Colorado's exemplary damages statute. *Zerr v. Johnson*, 894 F. Supp. 372, 376 (D. Colo. 1995).  Such conduct is defined as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." *Id.* (quoting C.R.S. § 13-21-102).

The undisputed facts presented in connection with the motion for summary judgment disclose no willful or intentional conduct by the Larimer defendants under such a definition.  Therefore, these defendants are entitled to immunity under the CGIA.  C.R.S. § 24-10-118(2).

3.   <u>Larimer County</u>

To the extent the claims against the Larimer defendants are official capacity claims and thus asserted against Larimer County itself, the Chaleks have failed to allege or provide evidence of any official policy or practice that would give rise to entity liability.  *See Beedle v. Wilson*, 422 F.3d 1059, 1067 (10th Cir. 2005) (municipal entity "can only be liable under § 1983 if it took 'action pursuant to official municipal policy of some nature [that] caused a constitutional tort'") (citation omitted).  With regard to the state law claims, the Chaleks have also not alleged or presented evidence of any exception to Larimer County's entity immunity under the CGIA.  C.R.S. § 24-10-106.

Accordingly, it is ordered:

1.   The motion for summary judgment filed by defendant Feyen, Holloway, and Eckrich on June 7, 2004 (Docket No. 38), is granted, and all claims against the Larimer defendants are dismissed.

2.      On or before August 18, 2006, plaintiffs shall show cause why their claims against

defendant DuVall should not be dismissed with prejudice for failure to prosecute.

If no response is received, the claims against DuVall (the only remaining claims in

this case) will be dismissed without further notice to any party.

DATED at Denver, Colorado, on August 9, 2006.

                                        BY THE COURT:


                                        s/ Walker D. Miller
                                        United States District Judge