IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-00299-WDM-CBS

MICHAEL E. CHALEK and RITA CHALEK,

    Plaintiffs,

v.

JAMES DUVALL

    Defendant.

## ORDER OF DISMISSAL

Miller, J.

This case is before me on the "Motion to Show Cause Why the Plaintiff's Claims Against Defendant DuVall Should Not Be Dismissed With Prejudice For Failure to Prosecute and to Enter a Default Judgment Against Duvall" (doc no 91) (the "Motion"), filed by Plaintiff Michael Chalek.[1]  On August 10, 2006, I issued an Order on Motion for Summary Judgment (doc no 88), in which I granted summary judgment in favor of all the defendants remaining in the case except Defendant James DuVall ("DuVall"). An entry of default was issued on February 24, 2004 against DuVall; however, at no time since the entry of default had Plaintiffs sought a default judgment against DuVall. Accordingly, I ordered Plaintiffs to show cause why their claims against DuVall should not be dismissed with prejudice for failure to prosecute. Plaintiff's Motion responds to my order to show

---

[1] There is no indication as to whether Plaintiff Rita A. Chalek remains a participant in this case as the Motion appears to be filed on behalf of Michael E. Chalek only. Accordingly, Rita A. Chalek has failed to show cause why her claims against DuVall should not be dismissed for failure to prosecute.

cause and also seeks a default judgment against DuVall.

I conclude that Plaintiffs have failed to show cause why their claim against DuVall should not be dismissed for failure to prosecute. In the Motion, Plaintiff Michael Chalek alleges that he "was waiting for the court to rule on the Motion for Summary Judgment to determine if the only recourse for damages was against the Defendant, James DuVall. This allows the Plaintiff to determine monetary damages for default judgment against the only remaining Defendant." The remainder of the Motion is a recitation of DuVall's alleged wrongdoing, arguments concerning issues disposed of in the order for summary judgment or involving defendants dismissed from the action, and a conclusory recitation of damages allegedly caused by DuVall, amounting to a total of $150,000. Much of the argument and documentation concerns events with at most a tenuous connection to the legal issues in the Complaint, if any, and serve primarily to demonstrate an extensive history of dealings and personal disputes between the Plaintiffs and DuVall.

I have discretion to sanction a party for failing to prosecute a case, or for failing to comply with local or federal procedural rules, and sanctions may include dismissing the party's case with prejudice or entering judgment against the party. *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (citations omitted). However, dismissal or other final disposition of a party's claim "is a severe sanction reserved for extreme circumstances" and is only appropriate where a lesser sanction would not serve the interests of justice. *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir.1988). In applying such a sanction, the district court must consider: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant.

*Id.* at 1521.

The entry of default against DuVall was issued approximately three years ago and Plaintiff has taken no steps to obtain a default judgment. Plaintiff's argument that he was waiting for resolution of the summary judgment motions is unavailing; the amount of damages allegedly caused by DuVall is not dependent on whether Plaintiff could obtain an additional judgment against the other defendants in the case.

Applying the *Meade* factors, I first conclude that there would be prejudice to DuVall if a default judgment were entered at this time. Prejudice may be presumed where, as here, the delay is unreasonable. *See, e.g., Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir.1993). Moreover, in light of the three year interval since entry of default, I conclude that DuVall would be significantly hampered in his ability to challenge Plaintiff's evidence and claims of damages, should he chose to do so.

In addition, I find that there is significant interference with the legal process. This proceeding is apparently one episode in a long history of efforts by Plaintiff and DuVall to use the civil and criminal justice systems, as well as questionable investigatory techniques, to perpetuate a vendetta campaign against each other. Plaintiff's untimely motion for default judgment does not comply with the requirements of Rule 55 of the Federal Rules of Civil Procedure or Part 8 of my Pretrial and Trial Procedures. Plaintiff provides no competent evidence to support his alleged damages and makes no effort to delineate amounts that can reasonably be attributed to DuVall. I decline to use the resources of the judiciary to conduct an evidentiary hearing that will further contribute to these personal disputes, particularly since no determination of liability on the merits has been made.

Finally, I find Plaintiff to be culpable in the delay. I take notice from the case docket that Plaintiffs' counsel withdrew from this case in September 2004 following a payment dispute with Plaintiffs. Plaintiffs have been proceeding *pro se* and are thus personally responsible for the failure to timely seek a default judgment against DuVall. Even after my order to show cause, Plaintiff did not file a compliant motion to establish his entitlement to a default judgment. In addition, I conclude that a lesser sanction would not serve the interests of justice.

Accordingly, it is ordered:

1. Plaintiff Rita A. Chalek has failed to respond to my order to show cause why her claims against Defendant DuVall should not be dismissed. Accordingly, all remaining claims asserted by Rita A. Chalek against James DuVall are dismissed with prejudice.

2. Plaintiff Michael E. Chalek has failed to show cause why he did not timely seek a default judgment against Defendant DuVall. As a sanction for the failure to prosecute and for failure to comply with the Federal Rules of Civil Procedure governing default judgments, all remaining claims asserted by Michael E. Chalek against James DuVall are dismissed with prejudice.

DATED at Denver, Colorado, on March 7, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge